UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN BOYD BAHAM**<br>**D.O.C. # 586590** | **DOCKET NO. 2:24-cv-185**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CALCASIEU CORRECETIONAL CENTER, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the Court are the original and amended civil rights complaints [docs. 1, 4] filed pursuant to 42 U.S.C. § 1983 by plaintiff John Boyd Baham (Baham), who is proceeding pro se and in forma pauperis in this matter. Baham is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana ("RBDC"). He names as defendants the following: Calcasieu Correctional Center (CCC), River Bend Detention Center (RBDC), Warden (Johnny) Hedgeman, CCC Warden (Nugent), Stitch Guillory, Sheriff's Office East Carroll Parish, Sheriff's Office East Baton Rouge Parish, Sheriff's Office Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below **IT IS RECOMMENDED** that the following defendants be **DISMISSED**: Calcasieu Correctional Center (CCC), River Bend Detention Center (RBDC), CCC Warden (Nugent), Stitch Guillory, Sheriff's Office East Carroll Parish, Sheriff's Office East Baton Rouge Parish, Sheriff's Office

Calcasieu Parish. **IT IS FURTHER RECOMMENDED** that plaintiff's claims for failure to protect and claims on behalf of other prisoners be **DISMISSED**.[1]

## I.
### BACKGROUND

Plaintiff contends that on April 11, 2023, he was transferred from CCC to RBDC. All allegations raised in this suit occurred at RBDC.

Plaintiff's main complaint is that he has been subjected to high levels of second-hand smoke at RBDC. Doc. 4, p. 3. He contends that despite the facility being listed as a non-smoking one, they are selling tobacco and smoking papers in the commissary. Doc. 5, p. 4. He complains that despite filing grievances, nothing has been done to enforce the non-smoking policy and that it is affecting his health.

Plaintiff asserts that on an unknown date, he and three other inmates were held at knife point.

He also raises several allegations involving violence suffered by other prisoners at RBDC.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Baham has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

---

[1] Plaintiff's claims against Warden Johnny Hedgeman for exposure to second-hand smoke will be addressed in a separate order.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendants*

#### a. *CCC Warden Nugent & Calcasieu Parish Sheriff Stich Guillory*

Plaintiff names as defendants Warden Nugent of CCC and Calcasieu Parish Sheriff Stich Guillory. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential

element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Plaintiff does not allege that either the CCC Warden or Sheriff Guillory were personally involved in, or even knew of, any aspect of the situations complained of at RBDC. As such, plaintiff has failed to state a claim against these defendants.

### b. *East Carroll Parish Sheriff's Office, East Baton Rouge Parish Sheriff's Office and Calcasieu Parish Sheriff's Office, Calcasieu Correctional Center & River Bend Detention Center*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973). Jails are not "persons" subject to liability under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). A jail is "not an entity, but a building*." Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp.

2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice). Thus, Baham fails to state a claim on which relief may be granted against the East Carroll Parish Sheriff's Office, East Baton Rouge Parish Sheriff's Office, Calcasieu Parish Sheriff's Office, Calcasieu Correctional Center, and River Bend Detention Center.

### D. Claims

#### a. Failure to Protect -Plaintiff Held at Knife Point

Baham alleges that on an unknown date, he was held at knife point by a fellow prisoner. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

"Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id*. at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id*. at 847. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*. at 837. Baham, however, has not alleged that any prison official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed prior to the occurrence of the incidents alleged in the complaint.

Moreover, the Prison Litigation Reform Act of 1995 ("PLRA'), 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the instant case, Baham alleges no physical injury. As such, plaintiff's action is barred by 42 U.S.C. § 1997e(e).

### b. *Claims of Other Prisoners*

Plaintiff attempts to bring a claim on behalf of other inmates; he lacks the standing to do so. *See Gregory v. McKennon*, 430 Fed. App'x 306, 310 (5th Cir. 2011) (finding that a prisoner cannot necessarily bring claims under 42 U.S.C. § 1983 on behalf of other prisoners); *Reeves v. Collins*, 37 F.3d 631 (5th Cir. 1994) (holding civil rights litigants must show a constitutional violation of personal rights).

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the following defendants be **DISMISSED**: Calcasieu Correctional Center (CCC), River Bend Detention Center (RBDC), CCC Warden (Nugent), Stitch Guillory, Sheriff's Office East Carroll Parish, Sheriff's Office East Baton Rouge Parish, Sheriff's Office Calcasieu Parish.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for failure to protect and claims on behalf of other prisoners be **DISMISSED** and that Document No. 7[2] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[2] Record Document No. 7 is a letter request by another inmate at RBDC to "join the class action lawsuit filed by John Boyd Baham" in this action.

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in chambers this 26th day of July, 2024.

                                                                         _____
                                                                              THOMAS LEBLANC
                                                             UNITED STATES MAGISTRATE JUDGE