UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN BOYD BAHAM                         DOCKET NO. 2:24-cv-185
     D.O.C. # 586590                         SECTION P

VERSUS                                  JUDGE JAMES D. CAIN, JR.


CALCASIEU CORRECETIONAL           MAGISTRATE JUDGE LEBLANC
CENTER, ET AL

**MEMORANDUM ORDER**

Before the Court are the original and amended civil rights complaints [docs. 1, 4] filed pursuant to 42 U.S.C. § 1983 by plaintiff John Boyd Baham (Baham), who is proceeding pro se and in forma pauperis in this matter. Baham is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana ("RBDC").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff contends that on April 11, 2023, he was transferred from Calcasieu Correctional Center to RBDC. All allegations raised in this suit occurred at RBDC.

Plaintiff's main complaint is that he has been subjected to high levels of second-hand smoke at RBDC. Doc. 4, p. 3. He contends that despite the facility being listed as a non-smoking one, they are selling tobacco and smoking papers in the commissary. Doc. 5, p. 4. He complains that despite filing grievances, nothing has been done to enforce the non-smoking policy and that it is affecting his health.

## II.
## LAW & ANALYSIS

### A.  Frivolity Review

Baham has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C.  Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.  This conclusion must be supported by specific factual allegations stating the following:

(1)     the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2)     a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3)     the place and date(s) that each event occurred; and

(4)     a description of the alleged injury sustained as a result of the alleged violation.

### D.  *Warden Johnny Hedgeman – Supervisory Official*

Plaintiff has named RBDC Warden Hedgeman as a defendant.  It appears that he has named the Warden in his supervisory capacity. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims*." Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

With respect to the claims involving plaintiff's exposure to second-hand smoke, he should amend to allege facts to demonstrate that Warden Hedgeman affirmatively participated in acts that caused constitutional deprivations or that he has implemented unconstitutional policies that causally resulted in plaintiff's injuries.

## IV.
### CONCLUSION

Baham must amend his complaint to address the deficiencies described above and to dismiss the claims and parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Baham at his last address on file.

**IT IS ORDERED** that Baham amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Baham is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

**THUS DONE AND SIGNED** in chambers this 26th day of July, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE